William R. EADIE, Plaintiff,

v.

Vincent K. McMAHON and Titan Sports, Inc. d/b/a World Wrestling Federation, Defendants.

Randy Colley, Plaintiff,

v.

Vincent K. McMahon and Titan Sports, Inc. d/b/a World Wrestling Federation, Defendants.

Civ. Nos. 5:91CV0423(WWE), 5:92CV0216(WWE).

United States District Court, D. Connecticut.

Jan. 26, 2001.

Scott Centrella, Stamford, CT, Robert M. Decrescenzo, Irene Bassock, Hartford, CT, Howard Mitz Mequon, WI, for plaintiff.

David Zabel, Bridgeport, CT, Jerry McDevitt, Terry Budd, Curtis B. Krasik, Pittsburgh, PA, Theodore Dinsmoor, Boston, MA, for defendant.

### RULING ON PLAINTIFFS' MOTION FOR PERMISSION TO DISCLOSE NEW EXPERT WITNESSES

FITZSIMMONS, United States Magistrate Judge.

Pursuant to this court's December 18, 2000, order, plaintiffs' filed their *Motion for Permission to Disclose New Expert Witnesses* on January 5, 2001.[1] [Doc. # 280.] Defendants filed their papers in opposition on January 12, 2001. [Doc. # 283.] On January 23, 2001, the court heard argument on the motion. For the reasons discussed below, plaintiffs' *Motion for Permission to Disclose New Expert Witnesses* [Doc. # 280], is **GRANTED in part and DENIED in part.**

In their motion, plaintiffs requested permission from the court to disclose two new expert witnesses. Specifically, plaintiffs seek to designate plaintiff William R. Eadie as an expert because of "his knowledge as to custom and practice in the wrestling entertainment business regarding compensation." [Doc. # 280, at 3.] Plaintiffs also asked to disclose a second damages expert, to be named no later than April 1, 2001. [Doc. # 280, at 3.]

Defendants objected to plaintiffs' request on grounds that plaintiffs failed to provide justification for their delay in seeking to disclose new experts; that defendants would suffer prejudice if new experts were designated at this late date; and that in the interest of judicial economy the case should proceed to trial as scheduled, rather than be subject to further delays that would be required to adequately prepare for new expert testimony.

The Second Circuit has discussed several factors that should be considered by courts when addressing a post-discovery motion to allow additional expert testimony. These factors include: "the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; the possibility of a continuance; the party's explanation for the failure to comply with the discovery order; and the importance of the testimony of the precluded witness." *Wolak v. Spucci,* 217 F.3d 157, 161 (2d Cir.2000), quoting *Softel, Inc. v. Dragon Med. and Scientific Communications, Inc.,* 118 F.3d 955, 961 (2d Cir.1997) (internal quotations omitted).

### DAMAGES EXPERT

After considering the above factors, the Court finds that plaintiffs have failed to provide sufficient justification for their delay in seeking to disclose a second damages expert. Discovery in this case closed in July 1994, after multiple deadline extensions as requested by both parties. [Doc. # 104.] Plaintiffs were granted leave to disclose a second expert witness in October 1998, after they were precluded from using their first expert at trial.

When asked by the court why plaintiffs could not have foreseen the need for a second damages expert four or five years ago, plaintiffs' counsel acknowledged that there was no explanation for the delay. Plaintiffs' attempt to justify the delay centers on the change of attorneys assigned to the case within the local firm, even though the local firm has been involved in the case since 1994. Plaintiffs also argued that the need for an additional damages expert did not become apparent until counsel was reviewing the files in preparation for trial. The court does not consider these to be sufficient justification for plaintiffs' failure to identify the need for, and the failure to disclose to opposing counsel, additional expert witnesses before discov-

---

1. This motion was referred to the undersigned by Judge Eginton on January 9, 2001. [Doc. # 281.]

ery ended, or at least before a firm trial date was set.

Plaintiffs also acknowledged to the court that the value of testimony from a second damages expert would be important, but not critical to their case. In light of the prejudice that defendants would suffer as a result of having to prepare for an additional damages expert witness and a further delay of pretrial proceedings, the lack of a substantial justification for plaintiffs' delay, and plaintiffs' admission that an additional damages expert is not crucial to their case, the Court denies plaintiffs' request to disclose a second damages expert.

## WILLIAM R. EADIE

Plaintiffs also request permission to disclose plaintiff Eadie as an expert on the custom and practice of the wrestling industry regarding compensation. Defendants objected on the same grounds listed above.

At oral argument, plaintiffs indicated that they were not trying to prejudice defendants in any way by disclosing Eadie as an expert witness. Rather, plaintiffs explained that they were attempting to give defendants advance warning that Eadie's testimony at trial could move into the realm of opinion based on his first-hand experiences negotiating contracts within the wrestling industry. Plaintiffs also indicated that the pool of witnesses who would be available to testify as to the custom and practices of compensation in the wrestling industry during the late 1980s is small, and that it could be difficult to find an expert witness in this area.

The court will not preclude plaintiff Eadie from giving opinion testimony at this time, in light of the fact that for purposes of the rule, he would be a non-retained expert. *See* FED. R. CIV. PRO. 26(a)(2). The court appreciates the fact that plaintiffs raised this question prior to trial and does not want to discourage the parties from giving advance notice of potential issues. Defendants indicated to the court that Eadie was extensively deposed about his experience in the wrestling industry, including any royalty and contract negotiations in which he was involved. Provided that Eadie's testimony is based on experience about which defendants had an opportunity to examine him, there will be no prejudice to defendants in permitting such testimony.

Plaintiffs are to file a report in the nature of a Rule 26(a)(2)(B) Report, including "a complete statement of all opinions to be expressed and the basis and reasons therefore," as well as the qualifications or experience on which Eadie's opinions are based. *See* FED. R. CIV. PRO. 26(a)(2)(B). Plaintiffs should list all opinions to which Eadie will testify, with references to the applicable portions of the deposition transcript. Plaintiffs' report is due no later than February 5, 2001.

Defendants will have until February 26, 2001, to object to plaintiffs' report, to move in limine for a *Daubert* hearing, or to seek other appropriate relief.

Plaintiffs will file their reply to any objections or motions filed by defendants two weeks thereafter, but no later than March 12, 2001.

Any testimony required on any of the filed motions will be heard in conjunction with the previously scheduled *Daubert* hearing on March 27, and March 28, 2001. This ruling does not affect the schedule set forth in this court's December 18, 2000, order. [Doc. # 282.]

## CONCLUSION

Accordingly, plaintiffs' *Motion for Permission to Disclose New Expert Witnesses* is **GRANTED in part and DENIED in part** in accordance with this ruling and order.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.